Kim C. CANNON and Sherrill
S. Cannon, Plaintiffs,

v.

NEWMAR CORPORATION and
Wilkins Recreational Vehicles,
Inc., Defendants.

No. 01 Civ. 8923(RWS).

United States District Court,
S.D. New York.

July 17, 2002.

Sadis & Goldberg by Dennis R. Hirsch,
of counsel, New York City, for Plaintiffs.

Napierski, Vandenburgh & Napierski by
Eugene Daniel Napierski, of counsel, Albany, NY, for Defendant Newmar Corporation.

Wood, Rafalsky & Wood by Philip J.
Onorato, of counsel, New York City, for
Defendant Wilkins Recreational Vehicles.

## *OPINION*

SWEET, District Judge.

Defendants Newmar Corporation ("Newmar") and Wilkins Recreational Vehicles, Inc. ("Wilkins") have moved separately for an order pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1391(b) and 1406(a) dismissing the complaint of plaintiffs Kim C. Cannon and Sherrill S. Cannon (collectively, the "Cannons" or "Plaintiffs") for improper venue or, in the alternative, transferring venue in the matter to the U.S. District Court for the Western District of New York pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

For the following reasons, the motion to transfer is granted.

### *Parties*

Plaintiffs, the Cannons, are residents of the State of Pennsylvania and have as their address RR1, Box 1360 Great Bend, PA 18821.

Defendant Newmar is incorporated in the State of Indiana. It has been in the business of distributing recreation vehicles to various states for more than thirty years. Newmar has conducted all of its manufacturing processes at its principal place of business located at P.O. Box 30, Nappenee, Indiana.

Defendant Wilkins has as its place of business Route 21, 1099 Almond Road, Hornell, New York. The City of Hornell, New York is located in Steuben County, approximately 296 miles from the court house for the Southern District of New

York and approximately 78 miles from the courthouse for the Western District of New York.

### Facts

The following facts are as alleged in the parties' submissions and do not constitute findings of fact by the Court.

On June 17, 2001, the Cannons purchased from defendant Wilkins a 2000 Dutch Star Vehicle Identification Number 4VZBN2296YC035023 (the "Dutch Star"), which was manufactured by defendant Newmar. The Cannons purchased the recreational vehicle for the price of approximately $175,000. Both Wilkins and Newmar issued and supplied the Cannons with several written warranties, including, *inter alia*, a three-year or thirty-six thousand mile manufacturer's warranty; a seven-year seventy-five thousand mile service contract; and those warranties provided under New York General Business Law § 198–a.

The Dutch Star was delivered to the Cannons on June 22, 2001. The Cannons allege that since that time, the Dutch Star had certain defects, and that the defendants ineffectively repaired the defects. The Cannons were forced to deliver the Dutch Star for service on at least six occasions, resulting in it being out of service for approximately 39 days within the first year. Those repairs took place in Maryland, North Carolina, and various locations in New York (New York, Hornell, and Vestal).

As a result of the defects, the Cannons maintain that the Dutch Star may not be used for personal, family and household uses. The Cannons claim that the defendants have failed to fix or replace the Dutch Star as the warranties provide. Further, they contend that there was no way for them reasonably to discover the defects prior to delivery and that the Dutch Star is in substantially the same condition it was upon arrival.

The Cannons have brought this action for alleged breach of express and implied warranties, pursuant to the Magnuson Moss Warranty Act, 15 U.S.C. § 2301. They filed their complaint in the Southern District of New York on October 5, 2001.

Newmar filed the instant motion on March 11, 2002, and Wilkins filed a motion incorporating those arguments on March 28, 2002. The papers were considered fully submitted on April 24, 2002, and oral argument was heard at that time.

In addition, the defendants filed a separate motion for leave to commence a third-party action against Spartan Motors, Inc. and Spartan Motor Chassis, Inc. (collectively "Spartan"), which motion was granted on April 26, 2002. Spartan, which has located its principal place of business in Charlotte, Michigan, designed the chassis of the Dutch Star.

### Jurisdiction

This Court has jurisdiction pursuant to 15 U.S.C. 2310(d)(1)(b) and 28 U.S.C. § 1367.

### Discussion

I. **The Action Will Be Transferred Pursuant to 28 U.S.C. § 1406(a) As Venue Is Not Proper In The Southern District of New York**

Section 1406(a) of the Judicial Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Section 1391 specifies when venue is appropriate. Because jurisdiction in this case "is not founded solely on diversity of

citizenship," venue is appropriate, *inter alia*, in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(b).

Defendants claim that venue is not appropriate in the Southern District of New York because (1) neither defendant is a resident of the district of the Southern District of New York, and (2) a substantial part of the events giving rise to a claim occurred outside of the district.

## A. *Residence of Wilkins and Newmar*

It is uncontroverted that Wilkins is a resident of Hornell, New York, located within the district of the Western District of New York.

The residence of Newmar is, however, at issue. Pursuant to Section 1391(c), a corporation is deemed a resident "of any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

The Cannons claim that Newmar has submitted to general jurisdiction[1] in the state of New York by registering to do business in the state of New York. If Newmar were duly licensed and authorized to do business in the State of New York, the Cannons would be correct.[2]

It appears, however, that the Cannons have mistakenly confused the defendant Newmar with a Florida corporation of the same name, and it is the Florida-based Newmar, not the defendant, which is in fact registered in the State of New York. The Cannons have proffered the registration of a corporation also named the Newmar Corporation, which identifies 405 Lexington Avenue, New York, New York as its New York offices and as the location of its designated agent for the service of process. The registration also lists Florida as the state where Newmar Corporation is incorporated.

By contrast, defendant Newmar is incorporated in Indiana, where it also has its principal place of business. Moreover, defendant Newmar has submitted an affidavit from Newmar's general counsel affirm-

---

**1.** When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is exercising "general jurisdiction" over the defendant. *Id.* at 414 n. 9, 104 S.Ct. 1868.

**2.** Pursuant to N.Y. Civil Practice Law and Rules § 301, "[a] court may exercise ... jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. For more than sixty years, New York courts have determined that general jurisdiction may be asserted over a corporation solely on the basis that it has registered to do business in the forum. *E.g. Neirbo Co.*

*v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 174–75, 60 S.Ct. 153, 84 L.Ed. 167 (1939) (upholding New York Corporation Law requiring foreign corporation to designate agent as for service of process as condition of doing business). Moreover, "[a]lthough the Supreme Court has not directly pronounced on the subject since 1945, the constitutionality of the traditional practice of asserting general jurisdiction solely on the basis of a corporation's being licensed to do business in the forum seems to have survived *International Shoe*." *In re DES Cases*, 789 F.Supp. 552, 591–92 (E.D.N.Y.1992) (*citing Burnham v. Superior Court*, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); *Neirbo*; and *Sternberg v. O'Neil*, 550 A.2d 1105, 1109–13 (Del. 1988) (discussing constitutionality of general jurisdiction based on statute requiring foreign corporation to designate agent for service of process)).

ing that Newmar has not owned or formed any business outside the state of Indiana and has no affiliation with the corporation having a similar or same name in the State of Florida. Further, Newmar does not currently and has not recently owned any subsidiaries or had any relationship with any sister corporation, parent corporation or any other affiliates.[3]

The Cannons have not proffered any evidence in response to Newmar's claims that it is not in fact the Newmar Corporation registered to do business in New York. Nor have they attempted to establish that Newmar has more "contacts" with New York County or other parts of the Southern District of New York than with the Western District of New York to establish that venue is appropriate here. The record is devoid of any support for this notion in any case. The papers do not reveal whether Newmar sells or services motor homes in the jurisdiction of the Southern District of New York. While Newmar certainly may expect that its motor homes may be driven in and through the jurisdiction of the Southern District of New York, these contacts are not as strong as those with the Western District of New York, where it sells its motor homes.

As a result, venue is not appropriate in the Southern District of New York pursuant to § 1391(b)(1).

### B. *Location of Substantial Part of Events*

The Cannons did not address the other means of asserting that venue is proper in the Southern District of New York, *i.e.* that a substantial part of the events occurred in this district. 28 U.S.C. § 1391(b)(2). This argument too has no

support in the record. The Dutch Star was manufactured in Indiana, and parts of it were supplied by third-party defendant Spartan in Michigan. The Dutch Star was sold and warranties were entered in the Western District of New York. Of the six repairs that have taken place, only one of them occurred in New York, New York. Therefore, venue is not appropriate in the Southern District of New York under this standard either.

Because venue is not appropriate in the Southern District of New York, this action should either be dismissed or transferred to any district in which it could have been brought "if it be in the interest of justice." 28 U.S.C. § 1406(a). Because the Cannons appear to have relied in good faith on the existence of a Newmar Corporation registered in New York County, and because the interests of justice will be served by the transfer of this case, the venue will be transferred to the Western District of New York, where venue is appropriate because that is where a substantial part of the events took place, as discussed above.

### *Conclusion*

For the foregoing reasons, this action is hereby transferred to the Western District of New York pursuant to Section 1406(a). The Clerk of the Court is directed to transfer the file in this action to the Clerk of the Court in the Western District of New York.

It is so ordered.

---

**3.** The only such relationship was the prior ownership of a subsidiary located in Bremen, Indiana. That subsidiary was sold several years prior to the manufacture of the Dutch Star at issue here.